IN THE UNITED STATES COURT OF FEDERAL CLAIMS
Nos. 94-10002C; 94-10003C; 94-10005C; 94-10006C; 94-10007C; 94-10008C; 94-10010C; 94-10020C; 94-10030C; & 94-10040C

(Filed: February 27, 2007)

CLAREMONT VILLAGE COMMONS, *et al.*,

Plaintiffs,

v.

UNITED STATES,

Defendant.

FINAL PRE-TRIAL ORDER

Pursuant to Rule 16(e) of the Rules of the Court of Federal Claims, this Final Pre-Trial Order recites the actions taken during the Pre-Trial Conference conducted in this case on February 26, 2007, and provides a framework for post-trial briefing and argument.

1. Trial is scheduled for March 5-21, 2007, at the National Courts Building in Washington D.C. Trial will begin at 9:00 a.m. and conclude at approximately 5:30 p.m. each business day. A site visit was held on February 7-8, 2007, at each of the ten properties at issue in this case.

2. (a.) Each side shall have 40 hours for the presentation of evidence. Such time will not include time spent engaging in arguments on evidentiary motions, time spent by the court asking questions of witnesses, or time spent addressing housekeeping details.

   (b.) Opening statements will be made on March 5, 2007. Each side shall have 30 minutes for this purpose.

3. The parties have indicated that they are not now aware of any issues related to the authenticity of any proposed trial exhibits. All documents produced in discovery are presumed to be authentic other than handwritten notes, which will be deemed authentic if supported by appropriate testimony. The presumption of authenticity may be rebutted by appropriate evidence. *See* Joint Stip. of Pre-Trial and Trial Procedures at 1.

4. If a witness listed in either party's witness list is necessary to support or negate the admissibility of a document to which an objection has been made, any party may call or recall that witness during its case in chief to testify concerning the factual foundation relating to the admissibility of that document. *See* Joint Stip. of Pre-Trial and Trial Procedures at 1-2.

5. The parties shall provide to the court at the outset of the trial two copies of a list containing the following three columns: (1) the identifying number for each exhibit, (2) a blank space for the court to enter the name of the witness through whom the exhibit is sought to be admitted, and any further witnesses who testify regarding that exhibit, and (3) a blank space for the court to enter the disposition of any request to admit that exhibit.

6. During trial, the original "stickered" version of exhibits shall be provided to the witnesses, and thereafter exhibits admitted into evidence shall be maintained by the reporter as part of the official record of the trial. The court shall be provided with two copies of each exhibit proffered to a witness at trial, for use at trial by the court and clerk during the examination of the pertinent witnesses and thereafter.

7. To constitute part of the factual record, each exhibit must be formally moved into evidence and admitted into evidence.

8. Counsel shall not engage in substantive discussions with a witness while any portion of that witness's examination is pending.

9. (a.) *Voir dire* of any witness offered as an expert shall be conducted, and such witness must be qualified and accepted by the court as an expert, prior to any substantive testimony by such witness.

   (b.) The court anticipates that expert reports will be admitted into evidence after a suitable foundation has been provided for such admission.

10. For witnesses appearing on plaintiff's and the government's witness lists, the parties have requested permission to conduct cross-examinations beyond the scope of the direct examination of such witnesses. For such witnesses, the scope of cross-examination may extend beyond subject matters addressed on direct examination, provided that no examination of witnesses may extend beyond the scope of the descriptions provided on the parties' witness lists.

11. Counsel should stand when addressing the court, and in particular, when raising objections or seeking to be heard during testimony.

12. The parties have requested exclusion of witnesses pursuant to Fed. R. Evid. 615, and such request is GRANTED, except that the representatives of the parties may be present. This exclusion also does not apply to expert witnesses.

13. Each party shall provide copies of its demonstrative exhibits to opposing counsel in advance. A demonstrative exhibit does not include copies of pages from exhibits or proposed exhibits, copies of trial transcripts, bullet point argument summaries, or items generated on the stand. A demonstrative exhibit does include bullet points with numerical data or calculations. This provision applies to rebuttal, except when good cause is shown for an exception. *See* Joint Stip. of Pre-Trial and Trial Procedures at 3.

14. Plaintiff shall file its post-trial brief on or before May 4, 2007, and the government shall file its responsive brief on or before June 12, 2007. Plaintiff shall file its reply on or before June 29, 2007, and the government shall file any sur-reply on or before July 10, 2007. Plaintiff's post-trial brief and the government's responsive brief shall be no more than 75 pages in length; plaintiff's reply and the government's sur-reply shall be no more than 25 pages in length.

15. Closing argument is scheduled for July 12, 2007, commencing at 10 a.m. at the National Courts Building in Washington D.C.

It is so ORDERED.

s/ Charles F. Lettow
Judge